JOSEPH STOUT *et al.*

*v.*

ISAAC COOK.

1. IMPROVEMENTS—*of allowance therefor, on setting aside the title of the party claiming them.* In a suit in chancery to set aside a sheriff's deed, a decree being rendered granting the relief sought, and an account of rents and profits taken against the defendant, upon objection that the court erred in not allowing the defendant for the improvements placed upon the land, it was *held,* the improvements having been made by a tenant of the defendant, the latter paying nothing therefor and incurring no liability on account of them, the charge was properly denied. The defendant was only entitled to allowance for the necessary improvements put upon the land, for which he had paid or was liable to pay.

2. EVIDENCE—*whether admissible.* Although an attorney's minutes are not competent to supply the place of a lost deposition, and the witness being alive it is not admissible to prove by others what he testified to in his deposition, it does not follow because the attorney's notes are not admissible as evidence that exhibits referred to in his notes would not be competent evidence on a subsequent trial, or that the attorney could not testify to the contents of lost exhibits, or refer to his notes for the purpose of refreshing his memory as in any other case.

APPEAL from the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. D. B. SNOW and Mr. E. W. EVANS, for the appellants.

Mr. H. A. WHITE and W. T. BURGESS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed by appellee in the year 1859, against appellants, to set aside a sheriff's deed. On a final hearing the relief prayed was granted, and an account of rents and profits taken, and the case brought to this court, and the decree reversed; and a further account was taken in the court below, a decree rendered for the payment of the same, and an appeal taken from that decree. The assignment of errors upon the record questions the sufficiency of the evidence to sustain the decree.

We, after a careful examination of the record, fail to find that the errors are well assigned. It appears that the evidence as to the value of the coal removed varied from a half of one to two and a-half cents per bushel, and the court seems to have allowed two cents. We think the evidence preponderates in favor of that rather than a lower price. In fixing it at that value the court below was fully sustained by the evidence. In this we perceive no error, nor do we see that the court below allowed too large a sum for interest on the sum received for coal and other items. As a practical question, it would be impossible to ascertain the true date and amount received at the several payments for coal made by the persons who raised and removed it, so as to compute interest from the precise date. And when the time is averaged and interest thus computed, it fully reaches, if it does not exceed, the amount of interest allowed by the court.

As to the rents for the use of the place, there seems to be no difficulty, as the proof shows for what years the premises

were let to the different occupants, and the amount paid. And it appears that the court allowed no more than the proper amount of interest on the sums thus received. In allowing this item with interest, there was no error.

It is urged that the court below erred in refusing to allow for improvements put upon the land. The evidence shows that they were placed on the land by Collisson, who received no pay from appellants for making them, so far as this record discloses. On the contrary, he sold them to McDonald, when he left. And the latter swears appellants never paid him for them. On this proof we see no grounds for allowing this charge in appellants' account. They should only be allowed for necessary improvements made by them for which they have paid or are liable to pay. If they have cost appellants nothing, and they are liable for nothing on account of their having been made, then upon what principle of justice can they claim pay for them? It would be receiving something for nothing, and for that they have no right. Suppose they had entered upon appellee's place, with the improvements, leased it, and received the rents, and when required to account for the rents, would any one suppose they would have any claim for the improvements thus found on the land? We presume not; and why? because they cost them nothing. And, in principle, in what consists a difference between that and the case at bar? We are unable to perceive any, if it exists. We are, therefore, of opinion that there was no error in rejecting this item.

Objections are urged as to the admission of a portion of the evidence heard below. We are unable to find any irregularity in it, on the grounds urged. On the former hearing in this court, we held that the attorney's minutes were not competent to supply the place of the lost deposition, and that, the witness being alive, it was not admissible to prove by others what he had testified to in his deposition. In such cases the regular course is to retake his deposition, as though he had never been examined, and not to prove what his lost deposition contained. But because the attorney's notes of the deposition were not

admissible, it does not follow that· exhibits referred to in the notes would be illegal evidence on a future trial. Nor would it follow that because such notes were not evidence, the attorney could not prove the contents of lost exhibits, on a future trial, or that he would be precluded from referring to his notes for the purpose of refreshing his memory, as in any other case. And, as we understand it, this is the objection, and in it we perceive no force.

A careful examination of this record fails to disclose any error for which the decree of the court below should be reversed, and it is therefore affirmed.

*Jungment affirmed.*